NO. 07-08-0475-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JULY
26, 2010

 



 

JOSEPH G. NUNEZ,

  

                                                                                         Appellant

v.

 

THE STATE OF TEXAS,  

                                                                                         

                                                                                         Appellee

___________________________

 

FROM THE 140TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2007-415,790; HONORABLE JIM BOB
DARNELL, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and HANCOCK  and PIRTLE, JJ.








            Joseph G. Nunez was sentenced to
life imprisonment after being convicted of capital murder.  In seven issues, he challenges 1) the trial
court’s denial of his motion to suppress his statement, 2) the legal and
factual sufficiency of the evidence, and 3) the cruel and unusual nature of his
punishment.  We reverse the judgment. 

            

 

 

Background

            On October 22, 2006, Richard Ramirez
and appellant, his sixteen-year-old nephew,[1]
and appellant’s friend Christopher Crittendon went to
the Boom Boom Cabaret in Lubbock.  They spent some time there and decided to rob
it.  As Gilbert Victor, general manager
of the club, and Anthony Lopez, a bouncer, locked up and left the club,
appellant and Crittendon approached them with guns
and forced them to lie on their stomachs on the ground.  Kim Suddeth, a
dancer at the club who was being given a ride home by Lopez, was already seated
in his vehicle.  She observed the actions
of the youths and called 911 on her cell phone. 
While doing so, Ramirez appeared at the window of the vehicle and
threatened to shoot her if she did not hang up the phone and get out of the
vehicle.  She did so and Ramirez threw
her to the ground.  Ramirez then walked
over and shot both Gilbert and Lopez.  He
walked back to Suddeth and shot her three times.  After doing so, Ramirez returned to Gilbert
and Lopez and shot each of them again and then shot Suddeth
one more time.  The robbers left with two
briefcases which contained money and other items.  Both Gilbert and Lopez died at the scene, but
Suddeth survived.   


            Issues
1-3 – Suppression of Appellant’s Statement

            Appellant argues that his confession
should have been suppressed because it was involuntary and he had previously
invoked his Fifth Amendment right to counsel when questioned about another robbery.[2]  Though the State disputes that the statement
was involuntary, it concedes that appellant’s Fifth Amendment right to counsel
was violated.  To avoid reversal,
however, it attempts to argue that the complaint was not preserved for review and
that the law should be changed. 
Regarding the latter argument, we are bound to follow the interpretation
given the Fifth Amendment by the United States Supreme Court and Court of
Criminal Appeals.  Ex parte Graves, 271 S.W.3d 801, 806 (Tex. App.–Waco 2008, pet. ref’d), cert. denied,
__ U.S. __, 130 S.Ct. 261, 175 L.Ed.2d 176 (2009).  Should one care to have the Amendment
reinterpreted, he must seek that from those courts.  

            Regarding the issue of preservation,
appellant averred in his motion to suppress that his confession was obtained in
violation of multiple constitutional rights including the Fifth Amendment.  When requesting a hearing on that motion, he
mentioned both the Fifth and Sixth Amendments. 
Furthermore, his brief, filed in support of the motion, contained the
following passages:  1) “any statement
given as the result of custodial interrogation of a juvenile conducted outside
the presence of an attorney already representing that juvenile on another
matter is involuntary under art. I, sec. 10 of the Texas Constitution and the
Fifth and Sixth Amendments of the United States Constitution . . .” and 2) “[a]s
Defendant was a juvenile and was already represented by counsel on the matter
for which Defendant was in custody, his statement was involuntary when law
enforcement did not first contact Defendant’s attorney prior to questioning him
about the instant cause.”  These
circumstances, when considered together, were ample to apprize a reasonable
jurist in the same situation that appellant claimed the State violated his Fifth
Amendment right to counsel by subjecting him to interrogation outside the
presence of legal counsel.  
Consequently, appellant perfected the issue for review.  See
Pena v. State, 285 S.W.3d 459, 464
(Tex. Crim. App. 2009) (stating that an issue has been preserved when a party
lets the trial judge know what he wants and why he thinks he is entitled to it
clearly enough for the judge to understand him at a time when the judge is in a
proper position to do something about it).

            The State having conceded error, we
next determine whether the mistake was harmless.  Since the error was of constitutional
magnitude, it can be disregarded only if we conclude, beyond reasonable doubt, that it did not contribute to the conviction or punishment.  Tex. R. App. P. 44.2(a).  While it is true that evidence other than
appellant’s statement illustrates his complicity in the crime, one cannot
discount the impact of a detailed confession like that at bar.  Hearing the accused clearly inculpate himself,
purportedly in a voluntarily manner, can hardly be ignored by a rational jury.   McCarthy v. State, 65 S.W.3d 47, 56
(Tex. Crim. App. 2001) (noting the impact that a confession has on the
outcome).  Given this, we cannot say
beyond reasonable doubt that appellant’s statement did not contribute to his
conviction or sentence.

The trial court erred in refusing to suppress the confession,
and the error was harmful.  Thus, the
judgment is reversed and the cause remanded for further proceedings.[3]  See id.
at 56.  

                                                

                                                                                    Per
Curiam

Do not publish.











[1]Appellant
was certified to stand trial as an adult. 





[2]The alleged Fifth Amendment violation is based on his
prior utterance to law enforcement personnel investigating another robbery that
he wished to “talk with an attorney before giving a statement.”  This utterance occurred two days prior to the
date he gave the statement here at issue. Allegedly, Deputy Stephens did not
know that appellant had made the utterance when he initially met with
appellant.  





[3]Our
disposition of this issue precludes the necessity for us to discuss appellant’s
remaining issues.